# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | Criminal Case No. JFM-02-252 |
| v | * | |
| GARY HALL, # 40211-037 | * | |

*\*\*\**

## MEMORANDUM

Before the court is Gary Hall's pro se motion for relief from judgment under to Fed. R. Civ P. 60(b) (4) and (6). The motion will be denied for reasons that follow.

I.   Background

Hall was sentenced to 120 months incarceration after he was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The Fourth Circuit affirmed judgment on appeal. *See United States v. Hall*, 114 Fed. Appx. 70 (4th Cir. 2004).

Hall filed his first 28 U.S.C. § 2255 motion on June 17, 2005. In it, he asserted that the evidence against him was insufficient. The court denied the petition on September 20, 2005, noting that the Fourth Circuit had decided the sufficiency of the evidence issue on direct appeal and issues previously decided on direct appeal may not be raised on collateral review. *See Hall v. United States*, Civil Action No. JFM-05-1725 (D. Md). Hall appealed the denial. The Fourth Circuit denied a certificate of appealability and dismissed the Hall's appeal on July 24, 2006. *See U.S. v. Hall*, 190 Fed. Appx. 237 (4th Cir. 2006). On March 5, 2007, Hall filed a second 28 U.S.C. § 2255 motion which was dismissed without prejudice for lack of jurisdiction. *See Hall v. United States*, Civil Action No. JFM-07-967 (D. Md).

On November 19, 2009, Hall filed the instant motion, seeking to "re-open" the first

§ 2255 petition as procedurally defective. Specifically, he asserts that the first petition was denied on the basis of procedural default "because the petitioner challenged the sufficience [sic] of the evidence during direct appeal." Hall complains that he was not provided an opportunity to amend his "defective pleading" before it was denied. [1]

2.   Discussion

Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: …(4) the judgment is void…(6) any other reason justifying relief from the operation of the judgment." Hall cites no law, nor is this court aware of any, supporting his allegation of procedural impropriety. Notably, Hall filed a traverse in reply to the government's response to his first § 2255 petition. Hall never moved to amend the petition. He fails to explain what the amendment would have included or how it would have changed the outcome of collateral review.

The instant motion lacks any factual or legal basis to render the judgment void. "[W]hen deciding whether an order is "void under Civil Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a total usurpation of power. A court plainly usurps jurisdiction only when there is a total want of jurisdiction and there is no arguable basis

---

[1] Hall appears to misunderstand the basis for denial of his first § 2255 petition. Once an issue has been fully considered and decided on direct appeal, it cannot be relitigated under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.1976). Procedural default is a separate principle. It provides that claims of trial error that could have been, but were not, raised on direct appeal are barred from review under § 2255, unless the defendant shows cause for the default and actual prejudice resulting from such errors or demonstrates that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack because he is likely actually innocent of criminal conduct. *See Bousely v. United States,* 523 U.S. 614, 621 (1998); *United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir.1999) (citing *United States v. Frady*, 456 U.S. 152, 167-68 (1982)).

on which it could have rested a finding that it had no jurisdiction." *United States v. Hartwell*, 448 F.3d 707, 722 (4th Cir. 2006).

Fed R. Civ. P. 60(b)(6) provides an extraordinary remedy granted only in exceptional circumstances. *See Reid v. Angelone*, 369 F.3d 363, 370 (4th Cir. 2004); *Valero Terrestrial Corp. v. Paige*, 211 F.3d 112, 118 n. 2 (4th Cir.2000). There was no procedural impropriety; there is no basis to justify extraordinary relief.

   3.    Conclusion

No factual or legal grounds are presented to warrant relief under Rule 60(b). The court will dismiss the motion by separate order.

 

__December 7, 2009__             ___/s/_____  
Date                                            J. Frederick Motz  
                                                            United States District Judge